Charles E. Nealy Jr. #209732
(ASPC)-Eyman, (SMU.1.)-Unit
P.O. Box 4000
Florence, Arizona 85132

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Charles E. Nealy Jr.,

      Plaintiff-Appellant,

No. 23-15385

Vs.

D.C. No. 2:20-cv-01123-DLR-JFM

U.S. District Court For Arizona,

Phoenix.

David Shinn, Director, Director Of The Arizona Department Of Corrections; et al.,

      Defendants-Appellees.

## MOTION FOR APPOINTMENT OF COUNSEL

Appellant, ▨▨▨ Charles E. Nealy Jr., Pursuant To § 1915, Requests This Court To Appoint Counsel To Represent Him In This Case For The Following Reasons, Or Appoint A Legal Aid To Support Appellant On His Mistakes.

The Appellant Is Unable To Afford Counsel[1], The Issues Involved In This Case Are Complex[2], The Appellant, As A Segregation Inmate, Has Extremely Limited Access To The Law Library[3], Has Tried To Obtain Counsel On His Own Accord To No Avail[4], The Appellants Knowledge Of The Law & Litigating Is Very Much Limited[5], WHEREFORE, This Honorable Court Should Appoint Counsel To Represent The Appellant.

## STATEMENT OF THE CASE

The Appellant Since (Doc. 11) Tried To Cure & Amend His Claim, (Docs. 204, 227, 230, 246, 248, 260, 262, & 278), Summary Judgement Was Found On Behalf Of Appellees Without All Facts Of This Case Considered, Next Being Forced By District Court To Figure Out (A 3

Year Delay, "Ultimately" Now Realized & Should Have Been Present During Summary Judgement Stage.), Now Has Been Severed & Opened Under A New Seprate Case, Defendants Have Revealed Valuable Information That Was Denied At Discovery & Should Have Been, This Case Requires Department Orders That Are Restricted To Appellant Where Appellees Provide A Retention Period For Requested Discovery That Has Been Denied That Has Never Been Shown Or Proven, Appellant Is Shure His Constitutional Protections Have Been Violated & Is Having An Issue Stating His Claim Properly & Is Forced "Prejudiced" To No Avail, There Is Due Process Count Of Appellants Amended Complaint That Was Denied By District Court In Error, All That Appellant Wishes To Address In His Appeal.

## Statement Of Facts

The Appellees & Counsel Have Abused The Discovery Stage & Set Schedual Order Without Any Justice Imposed That Should Protect Appellant Due To The Fact That The Appellant Does Not Know How To Litigate Properly The Matter The Appellant Is Very Much Prejudiced, Appellant Needs To Review Department Orders That Are RESTRICTED To The Appellants Viewing That Appellees Have Never Provided But Speak Of It's Context That Also Prejudiced The Appellant, The Appellees At Last Minutes Have Produced A New Defendant That Should Have Been Revealed During Earlier Discovery Stage For Appellant To Amend His Complaint & In Fact Have Prejudice The Appellant, (ASPC) - Eyman, (Unit) - SMU.1. "Legal Services" Have Not Been Providing Full Court Docs. Stamped With Doc. # & Page Order Of Such Documents & Locations, Just The Plaintiffs Actual Filings Returned Which He Has Reused, Cut & Pasted, Documents & Pages To Keep From Having To Rewrite The Same Portions Over & Over, & This Has Prejudiced The Appellant.

## ARGUMENT
## The Court Should Appoint Counsel For The Plaintiff

In Deciding Whether To Appoint Counsel For An Indigent Litigant, The Court Should Consider "The Factual Complexity Of The Case, The Ability Of The Indigent To Investigate The Facts, The Existence

Of Conflicting Testimony, The Ability Of The Indigent To Present His Claim ¿ The Complexity Of The Legal Issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(Citation Omitted). In Addition Courts Have Suggested That The Most Important Factor Is Whether The Case Appears To Have Merit. Carmona vs. U.S. Bureau Of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Each Of These Factors Weighs In Favor Of Appointment Of Counsel In This Case. (Exibit: 1)

I. FACTUAL COMPLEXITY. Where Inmate Had Pursued His Claims Pro Se ¿ In Forma Pauperis ¿ Given Possibility That His Complaint Might Be Amended Or Construed To State Claim Under Religious Land Use ¿ Institutionalized Persons Act Of 2000, Statute That Could Present Complex Legal Issues Court Found That It Was Advisable For Inmate To Have Assistance Of Counsel ¿ Instructed District Court, On Remand, To Consider Appointing Counsel To Represent Inmate. McEachin vs. McGuinnis, 357 F.3d 197, 2004 U.S. App. Lexis 1741 (2d Cir. 2004), The Appellant Was Clearly Denied Def. Hall During Count 2 Phase Consideration Of Summary Judgement, Has Now Been Admitted (Not Properly), The Appellant Clearly Has Had Trouble In Getting These Facts Admitted, Not Only Has Delayed This Case Three Years, But Has Prejudiced The Appellant, With Counsel This Would Have Never Happened, (Docs. 246, ¿ 278)

In Plaintiffs Inmates Eighth Amendment Injury, ¿ Plaintiffs Complaint Spanned Over Two Years ¿ Required Assessment Of Adequacy Of Treatment, Questions Where An Expert Testimony Would Be Required, Assistance Of Counsel Would Have Made A Great Impact For Appellant To Withstand Summary Judgement, ¿ District Court Abused It's Discretion By Denying Inmates Motion For Appointed Counsel Under 28 USCS § 1915 (e)(1). Greeno vs. Daley, 414 F.3d 645, 2005 U.S. App. Lexis 13125 (7th Cir. 2005)

Inmate Is Appointed Counsel Under 28 USCS § 1915 (d) To Assist Him In Pursuit Of 42 USCS § 1983 Claims Against Correctional Personnel, Despite Dismissal Of Part Of Inmates Pro Se Complaint Alleging Unconstitutional Transfer To Different Prison ¿ Consequent Loss Of Prison Job, Because Inmates Allegations That Jailers (1) Failed To Follow Proper Administrative Procedures, (2) Obstructed His Access To Legal Process, ¿ (3) Interfered With His Mail ¿ Visitation Rights May State Colorable § 1983 Claims But Require Substantial Factual Investi-

gation & involve potentially complex legal issues. Gatson v. Coughlin, 679 F. Supp. 270, 1988 U.S. District Lexis 1683 (W.D.N.Y. 1988)

Former Employee Was Entitled To Pro Bono Counsel Pursuant To 28 USCS § 1915 In Her Title VII, Civil Rights Act Of 1964, Employment Discrimination Action Because It Appeared That Employee's Claims Had Some Merit In Fact & Law, As She Was Member Of Protected Class, Who Was Qualified For Her Position, & Who Suffered Adverse Employment Decision; Although Employee Was Literate & Capable Of Corresponding With Court, She Was Unable To Follow Required Procedural & Legal Requirements Called For In Complex Title VII Suit. Gonzalez v. Passaic County Prob., 2005 U.S. Dist. Lexis 18890 (D.N.J. Aug. 24, 2005).

District Court Sua Sponte Determined That Taxpayer, Who Had Filed Pro Se Suit Against IRS, Might Qualify For Appointment Of Counsel Under 28 USCS § 1915(e)(2) Because Taxpayer Was 90 Years Old, He Had Problems Effectively Articulating His Claims In His Pleadings, & Complex Legal Issues Were Raised In Suit; Taxpayer Was Directed To File Affidavit Of Indigency Form, In Order To Show That He Qualified Financially For Appointment Of Counsel. Kuntz v. IRS, 97 A.F.T.R.2d (RIA) 2006-1978, 2006 U.S. Dist. Lexis 20198 (W.D. Wis. Apr. 13, 2006); (Docs. 258, 257, 271, 272)

**2. THE PLAINTIFFS ABILITY TO INVESTIGATE.** The Plaintiff Is Locked Up In Punitive Segregation & Has No Ability To Properly Investigate The Facts. For Example (Doc. 257); (Dkt Entry: 5) Where I Am Unable To Review Restricted Information, Or Gain Quick Access To Needed Documents, Page Numbers & Locations For Appeal. I Am In The Same Situation With Regard To Developing The Facts As An Inmate Who Has Been Transferred To A Different Institution, A Factor That Several Courts Have Cited In Appointing Counsel. Tucker v. Randall, 948 F.2d 288, 391-92 (7th Cir. 1991); Gatson vs. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988), See Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997) (Holding Counsel Should Have Been Appointed Because "Prisoner's Lack Of Legal Experience & The Complex Discovery Rules Clearly Put Him At A Disadvantage In Countering The Defendants Discovery Tactics.... These [Discovery] Rules Prevented [The Plaintiff] From Presenting An Effective Case Below.")(Doc. 257).

**3. CONFLICTING TESTIMONY.** My Statements (Appellant) Squarely In Conflict With The Statements Of The Officers. This Aspect Of The Case Will Be A Credibility Contest Between The Defendants & The Plaintiff (& Such Inmate Witnesses As Can Be Located). The Existence Of These Credibility Issues Supports The Appointment Of Counsel. Steele V. Shah, 87 F. 3d 1266, 1271 (11th Cir. 1996); Gatson vs. Coughlin, 679 F. Supp. At 273.

**4. THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM.** The Plaintiff Is An Indigent Prisoner With No Legal Training, A Factor That Supports The Appointment Of Counsel. Forbes V. Edgar, 112 F. 3d 262, 264 (7th Cir. 1997). In Addition, He Is Confined To Segregation With Very Limited Access To Legal Materials. Rayes V. Johnson, 969 F. 2d 700, 703-04 (8th Cir. 1992) (Citing Lack For Ready Access To A Law Library As A Factor Supporting Appointment Of Counsel).

**5. LEGAL COMPLEXITY.** The Large Number Of Defendants, Some Of Whom Are Supervisory Officials, Presents Complex Legal Issues Of Determining Which Defendants Were Sufficiently Personally Involved In The Constitutional Violations To Be Held Liable. Hendricks vs. Coughlin, 114 F. 3d 390, 394 (2d Cir. 1997) (Holding Complexity Of Supervisory Liability Supported Appointment Of Counsel). In Addition, The Plaintiff Has Asked For A Jury Trial, Which Requires Much Greater Legal Skill Than The Plaintiff Has Or Can Develop. Solis V. County Of Los Angeles, 514 F. 3d 946, 958 (9th Cir. 2008) (Prisoner With Eighth Grade Education & No Legal Training Is "Ill-Suited" To Conduct A Jury Trial).

**6. MERIT OF THE CASE.** The Plaintiffs Allegations, If Proved, Clearly Would Establish A Constitutional Violation. The Unprovoked & Injurious Use Of Force █████ Alleged In The Complaint Clearly States An Eighth Amendment Violation. See Hudson V. McMillian, 503 U.S 1, 112 S. Ct. 995 (1992). The Unjustified Denial Of Witnesses, Discovery, Defendants, Conviction Of A Disciplinary Offense With No Supporting Evidence, & Failure To Give A Meaningful Statement Of Reasons For The Decisions Are All Violations Of Clearly Established Due Process Principles. See Ponte V. Real, 471 U.S. 491, 497, 105 S. Ct. 2192, (1985); Superintendent V. Hill, 472 U.S. 445, 457, 105 S. Ct. 2768 (1985); Wolff V. McDonnell, 418 U.S. 539, 559, 94 S. Ct. 2963 (1974). On Its Face, Then, This Is A Meritorious Case

## CONCLUSION

For The Foregoing Reasons, The Court Should Grant The Plaintiff's Motion 3 Appoint Counsel In This Case.

Respectfully Submitted This 2nd Day Of May, 2023.

Charles E. Nealy Jr. #209732

Plaintiff - Appellant.

Page 6 of 7

# EXIBIT

# 1.

Charles E. Nealy Jr. #209732
(ASPC)-Eyman, (SMU.1.)-Unit
P.O. Box 4000
Florence, Arizona 85132

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Charles E. Nealy Jr.,

      Plaintiff-Appellant,

vs.

David Shinn, Director, Director Of The Arizona Department Of Corrections; et al.,

      Defendants-Appellees.

No. 23-15385

D.C. No. 2:20-cv-01123-DLR-JFM
U.S. District Court For Arizona,
Phoenix.

## DECLARATION OF CHARLES E. NEALY JR.

CHARLES E. NEALY JR. States:

1. I Am The Appellant In The Above-Entitled Case. I Make This Declaration In Support Of My Motion For This Appointment Of Counsel.

2. The Complaint In This Case Alleges That The Appellant Was Subjected To The Misuse Of Force By Several Correctional Officers, Some Of Whom Actively Injured Appellant; Others Whom Watched & Failed To Intervene. It Alleges That Supervisory Officials Were Aware Of Such Incident & Violent Propensities Of Some Of The Staff & Are Liable For Failing To Take Action To Control Them. The Appellant Was Subsequently Denied Due Process In A Disciplinary Hearing By A Hearing Officers, & Warden.

3. This Is A Complex Case Because It Contains Several Diffrent Legal Claims, With Each Claim Involving A Diffrent Set Of Defendants

4. The Case Involves Medical Issues That May Require Expert Testimony.

5. The Appellant Has Demanded A Jury Trial.

Page 2 of 3

6. The Case Will Require Discovery Of Documents & Depositions Of A Number Of Witnesses.

7. The Testimony Will Be In Sharp Conflict, Since The Plaintiff Alleges That The Defendants Maliciously & Biosly Violated His Service, & Used Excessive Force, While The Defendants In Their Disciplinary Reports Assert The Opposite.

8. The Plaintiff Has Only A Highschool Education & Has No Legal Education.

9. The Plaintiff Is In Punitive Segregation. For This Reason, He Has Very Limited Access To Legal Materials & Has No Ability To Investigate The Facts Of The Case, For Example, By Locating & Interviewing Other Inmates Who Were Eyewitnesses To His Beating.

10. As Set Forth In The Memorandum Of Law Submitted With This Motion, These Facts, Along With The Legal Merit Of Appellants Claims, Support The Appointment Of Counsel To Represent The Plaintiff, I Have Been Diligent To The Best Of My Ability's On This Matter.

11. All The Missed Facts & Factors Missed By District Court The Appellant Needs Counsel To Help Properly Address Each Factor On Appeal & Properly State.

WHEREFORE, The Appellant's Motion For Appointment Of Counsel Should Be Granted. Pursuant To 28 U.S.C. § 1746, I Declare Under Penalty Of Perjury That The Foregoing Is True & Correct.

Respectfully Submitted This 2nd Day Of May, 2023.

Charles E. Nealy Jr. #209732
Plaintiff-Appellant

# CERTIFICATE OF SERVICE

I Hereby Certify That On This 2ND Day Of May, 2023. That I Electronically Transmitted The Attached Document To The Clerk Of The Court Using The CM/ECF System.

I Also Ask For This Document To Be Forwarded To All Party's By The Clerk Of The Court.

Pursuant To 28 U.S.C. 1746, I Declare & Certify Under Penalty Of Perjury That The Following Is True & Correct.

Respectfully Submitted This 2ND Day Of May, 2023.

Charles E. Nealy Jr. #209732
Plaintiff.

Page 7 of 7